# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, ) <br> LONDON SUBSCRIBING TO ) <br> CERTIFICATE NO. IPSI 12559, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SSDD, LLC, ) <br> ) <br> Defendant. ) | No. 4:13-CV-193 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant SSDD, LLC's ("SSDD") motion to quash plaintiffs' notice of deposition for its expert witness, Mr. Don Brayer, or in the alternative for a protective order prohibiting plaintiffs from noticing Mr. Brayer for deposition. Plaintiffs Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 (collectively, "Underwriters") oppose the motion and, in the alternative, move to modify the Case Management Order to allow the taking of Mr. Brayer's deposition. The motions are fully briefed. For the following reasons, the Court will deny SSDD's motion to quash and its alternative motion for a protective order. Underwriters' motion to modify the Case Management Order will be granted, as modified by the Court.[1]

---

[1]Although the undersigned normally resolves disputed discovery motions only at a monthly Discovery Motion Docket (see Case Management Order, Doc. 28 at 2; see also Judge's Requirements, http://www.moed.uscourts.gov/sites/default/files/cas.pdf), the Court has chosen to address the instant motions because oral argument would not aid in their resolution, and prompt resolution is necessary to facilitate compliance with remaining dates in the Case Management Order.

**Discussion**

    A. <u>SSDD's Motion to Quash Notice of Deposition</u>

On December 24, 2014, Underwriters issued a Notice of Deposition for defendant SSDD's retained expert witness, Mr. Don Brayer, for a deposition to take place on January 10, 2014, in Chicago, Illinois. SSDD moves to quash the Notice of Deposition as untimely, asserting that Underwriters failed to request Mr. Brayer's deposition prior to the deadline established by the Case Management Order ("CMO"). The CMO provides that SSDD must disclose all expert witnesses and provide their reports by November 1, 2013, and that SSDD "shall make expert witnesses available for deposition by December 2, 2013." CMO at 2 (Doc. 28). SSDD argues that Underwriters were required to request its expert's deposition <u>before</u> December 2, 2013.

SSDD's argument is based on an erroneous reading of the CMO. The CMO established December 2, 2013 as the <u>first</u> day on which Mr. Brayer's deposition could be taken, because this was the date by which SSDD had to make experts available for deposition. Under the CMO, Mr. Brayer's deposition could not have been taken prior to December 2, 2013. The CMO does not include a specific date by which depositions of expert witnesses must be completed; therefore such depositions need only be completed by the deadline for the close of all discovery, which was January 21, 2014. Underwriters' notice for Mr. Brayer's deposition was therefore timely under the CMO and the motion to quash is meritless and should be denied.[2]

---

    [2]On occasion, the Court will issue a case management order that establishes deadlines for the completion of expert witness depositions by a specific date, instead of requiring that expert witnesses be made available for deposition by specific dates. This is done where requested by the parties in their joint proposed scheduling plan. Such language was not requested or included in the CMO in this case.

SSDD also argues that Underwriters failed to issue a Rule 45 subpoena to Mr. Brayer along with the notice of deposition. SSDD argues that as a retained expert, Mr. Brayer is not a party to this action and therefore cannot be required to appear at a deposition upon the mere issuance of a notice of deposition. In support, SSDD cites an unpublished decision from the U.S. District Court for the Southern District of Florida. Underwriters respond that Rule 26(b)(4)(A), Fed. R. Civ. P., allows them to depose any person who has been identified as an expert witness, and that the Federal Rules do not require them to serve a subpoena on a retained expert witness. Underwriters cite no authority in support of the latter assertion.

In the Court's experience, in the vast majority of cases, a party who has retained an expert witness will voluntarily produce the expert for deposition, and will not force the opposing party to incur the expense and burden of issuing a subpoena. This type of cooperation is strongly encouraged and is to be commended because it reduces expense and delay. Nonetheless, absent an agreement for voluntary production, a subpoena under Rule 45 is unnecessary only where the deposition to be taken is that of a party, or of an officer, director or managing agent of a party. See 9A Charles Alan Wright, et al., Federal Practice & Procedure § 2460 (3d ed. 2002); 3 James Wm. Moore, et al., Moore's Federal Practice § 45.02[4][b] (3d ed. 2013).

The Court assumes that SSDD will now voluntarily produce Mr. Brayer for deposition, given that it misinterpreted the CMO and that its timeliness objection to the Notice of Deposition lacked merit.[3] If, however, SSDD will not voluntarily produce Mr. Brayer for deposition, a subpoena for his appearance at deposition must be issued in accordance with Rule 45, Fed. R. Civ. P., from the court for the district where the deposition is to be taken. See Rule 45(a)(2). Any motion to quash

---

[3] If SSDD will not voluntarily produce Mr. Brayer for deposition, it should consider accepting service of the subpoena on his behalf.

or modify such a subpoena must be filed and decided in the court from which the subpoena was issued.  See Rule 45(d)(3)(A).

      B.  SSDD's Alternative Motion for Protective Order

SSDD's alternative motion for protective order seeks to prohibit plaintiffs from noticing Mr. Brayer's deposition, based on the alleged untimeliness of plaintiffs' notice of deposition.  Rule 26(c), Fed. R. Civ. P., allows a court for "good cause shown" to issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense."  SSDD's motion for protective order is without merit and should be denied, as it is based on an erroneous premise and does not establish any basis for issuance of a protective order under Rule 26(c).

      C.  Underwriters' Motion to Modify Case Management Order

Underwriters filed a motion to modify the Case Management Order, premised on the possibility that SSDD's argument concerning the deadline for deposition of its expert witnesses was correct.  Underwriters' motion asks to modify the CMO to permit them to take Mr. Brayer's deposition up until the close of discovery on January 21, 2014.  Although the Court has concluded that SSDD's motion to quash is without merit and should be denied, the motion to quash was not fully briefed until January 17, 2014, and the CMO's discovery deadline has now passed.  The Court will therefore grant Underwriters' motion and modify the CMO to the extent that Underwriters may take Mr. Brayer's deposition no later than February 14, 2014.

**Conclusion**

For the foregoing reasons, defendant SSDD's motion to quash plaintiffs' notice of deposition to its expert witness Mr. Don Brayer, and its alternative motion for protective order, should be denied.  Plaintiffs Underwriters' motion to modify the Case Management Order will be granted to

the extent that plaintiffs may take the deposition of SSDD's expert witness Mr. Don Brayer by February 14, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that defendant SSDD, LLC's motion to quash plaintiffs' notice of deposition to Mr. Don Brayer or, in the alternative, for a protective order is **DENIED** in all respects. [Doc. 53]

**IT IS FURTHER ORDERED** that plaintiffs Underwriters' motion to modify the Case Management Order is **GRANTED**, to the extent that plaintiffs may take the deposition of SSDD's expert witness Mr. Don Brayer by February 14, 2014. [Doc. 57]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of January, 2014.