# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. IPSI 12559,<br><br>      Plaintiffs,<br><br>      v.<br><br>SSDD, LLC,<br><br>      Defendant. | No. 4:13-CV-193 CAS |

## MEMORANDUM AND ORDER

This declaratory judgment matter is before the Court on carious pretrial motions: two motions for summary judgment filed by plaintiffs Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 (collectively, "plaintiffs"), and a motion for summary judgment filed by defendant SSDD, LLC ("SSDD"); plaintiffs' motion to strike SSDD's statement of additional uncontroverted facts; SSDD's motions to strike the declarations of Kerri Senger, Andrew R. Fowles and Laura Stevens; and plaintiffs' motion to strike SSDD's request for jury trial. All of the motions are opposed and fully briefed. For the following reasons, the summary judgment motions will be denied; plaintiffs' motion to strike SSDD's statement of additional uncontroverted facts will be denied as moot; SSDD's motions to strike the declarations of Senger, Fowles and Stevens will be denied as moot; and plaintiffs' motion to strike SSDD's request for jury trial will be denied.[1]

---

[1] Plaintiffs' motion to exclude the opinion testimony of SSDD's expert Donald J. Brayer will be addressed in a separate order.

**I. Background**

The Amended Complaint ("Complaint") alleges that Underwriters issued a Commercial Property Policy of insurance (the "Policy") to SSDD with a limit of $800,000 per occurrence, effective April 8, 2012 through April 8, 2013, for a building described in the Policy's declarations page as a "concrete brick church (LRO) at 4518 Blair, St. Louis, MO 63107" (the "Property"). On May 24, 2012, SSDD reported a vandalism claim to Underwriters with a date of loss of May 18, 2012. On or around June 17, 2012, a fire occurred at the Property and SSDD reported the fire to Underwriters on June 18, 2012. On July 24, 2012, SSDD provided notice of a claim for hail damage to the Property as a result of an April 28, 2012 hail storm.

The Complaint asserts that SSDD retained a public adjusting firm, Continental Adjusters, Inc., to provide it with an estimate of the value of each of the three claims. Underwriters retained its own consultants and experts to assist in determining the Actual Cash Value of each loss. SSDD's adjuster estimated the fire loss to the Property to be approximately $2.4 million, the vandalism loss to be approximately $2.5 million, and the hail damage loss to be approximately $452,000. Using calculations provided by its experts and applying policy deductibles, Underwriters estimated net loss potentially covered for the vandalism claim to be approximately $159,000, for the fire claim to be approximately $201,000, and for the hail claim to be approximately $11,000, and determined that the appropriate measure of loss sustained by SSDD was $372,840.98.

The Complaint asserts that on December 28, 2012, Underwriters sent a letter to SSDD offering a conditional payment of $372,840.98 in "full and final satisfaction of the three claims subject to a complete reservation of rights, since it is Underwriters' position that coverage is questionable and the Policy is subject to rescission." Complaint, Ex. F at 1. After discussing the three claims and the valuation of each, as well as various Policy provisions, id. at 1-13,

Underwriters' letter asserted that the Policy is subject to rescission based on material misrepresentations or omitted facts in the applications, and that it reserved its right to rescind the Policy. Id. at 13-14. Underwriters' letter also asserted that a Policy exclusion, for loss or damage resulting from SSDD's neglect to use all reasonable means to preserve the Property from further damage at and after the time of loss, applied to preclude coverage for a majority of the damages encompassed in the vandalism and fire claims. Id. at 14. The letter concluded,

> In light of the foregoing, it is Underwriters position that coverage is precluded and/or limited for a significant portion of this loss and that the Policy is subject to rescission. However, Underwriters will be sending a conditional payment in the amount of $372,840.98, as set forth above, in full and final satisfaction of SSDD's claims, subject to the reservation of rights set forth herein. Underwriters further reserve their rights with respect to any and all claims and defenses which they may have under the Policy, including the right to rescind the Policy. They also reserve their right to assert any other defenses they may discover in the future in connection with this matter. Nothing said in this letter, or left unsaid, shall be deemed to be a waiver thereof.

Id. at 15.

The Complaint alleges that Underwriters asked SSDD to execute a W-9 so that the $372,840.98 payment could issue, but SSDD refused to execute the W-9 and, as a result, Underwriters continue to hold the conditional payment in trust.

On January 29, 2013, Underwriters filed the instant action for declaratory judgment pursuant to Rule 57, Fed. R. Civ. P., and 28 U.S.C. § 2201. Jurisdiction of the case is based on diversity of citizenship, 28 U.S.C. § 1332. The Complaint asserts claims for rescission of the Policy based on material misrepresentations and/or omissions in the Policy application (Count I); in the alternative to Count I, for a declaration that the Policy is void based on concealment or misrepresentation of material facts concerning the Property under the Policy's Commercial Property Condition A (Count II); and for a declaration that all loss occurring after May 22, 2012 is barred by the Exclusion 2(m)

of the Policy's Causes of Loss – Special Form, that precludes coverage for loss or damage caused by or resulting from the insured's neglect to use all reasonable means to preserve the Property from further damage at and after the time of loss.

In response to the Amended Complaint, SSDD filed its Answer, Affirmative Defenses and Counterclaim on June 21, 2013. The two-count Counterclaim asserted state law claims for breach of the insurance contract and statutory vexatious refusal to pay the amounts due under the Policy pursuant to §§ 375.420 and 375.296, Missouri Revised Statutes (2000). On December 23, 2013, the Court denied plaintiffs' motion to dismiss SSDD's counterclaims but granted in part their motion to strike part of SSDD's answer and affirmative defenses, and granted SSDD leave to replead. See Mem. and Order of Dec. 23, 2013 (Doc. 47). SSDD filed its Amended Answer, Affirmative Defenses and Counterclaims on January 6, 2014. SSDD asserted the same counterclaims in its amended pleading. On January 20, 2014, SSDD filed its Request for Jury Trial (Doc. 68).

Plaintiffs filed a motion for summary judgment (Doc. 94) on their claims (1) for rescission of the Policy based on omissions and misrepresentations in the insurance application; (2) that the Policy is void and unenforceable pursuant to Condition A of the Policy based on omissions and misrepresentations concerning the covered property and the claims submitted; and (3) in the alternative, on their claim that Exclusion 2(m) of the Causes of Loss - Special Form bars coverage for SSDD's fire loss claim, because SSDD failed to use all reasonable means to save and preserve the property from further damage. Plaintiffs filed a separate motion for summary judgment (Doc. 96) on SSDD's statutory vexatious refusal counterclaims under §§ 375.296 and 375.420, Mo. Rev. Stat. SSDD filed a motion for summary judgment (Doc. 91) on all of plaintiffs' claims against it.

4

## II. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, supported by the record, showing that a genuine issue of material fact exists. Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988); see Fed. R. Civ. P. 56(c). . Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (discussing former Rule 56(c)).

## III. Fact Issues Exist That Preclude Summary Judgment

The Court has considered the parties' arguments and cited cases with respect to each motion. The parties agree that Missouri law applies to this case. Under Missouri law, misrepresentations in an application for an insurance policy may be cause for voiding the policy. Central Bank of Lake of the Ozarks v. First Marine Ins. Co., 975 S.W.2d 222, 225 (Mo. Ct. App. 1998)). "[T]o prove a

material misrepresentation, the insurer must demonstrate that the representation in the application was material and false when (1) the representation was warranted to be true, (2) the policy was conditioned upon its truth, (3) the policy provided that its falsity will avoid the policy, or (4) the application was incorporated into and attached to the policy." Id. "A misrepresentation of fact is deemed material if the fact, stated truthfully, might reasonably have influenced the insurance company to accept or reject the risk or to have charged a different premium." Id. (citing cases).

In determining whether the Policy may be voided as a result of a misrepresentation, "The standard is whether a reasonable person should have expected that the misrepresentation within the insurance application would influence the insurance company's decision to accept the risk and issue the policy and in determining the premium to charge–not whether the misrepresentation actually influenced the insurer." Id. (cited case omitted). Generally, the question whether an alleged misrepresentation in an application was material is one for the trier of fact to decide. Priesmeyer v. Shelter Mut. Ins. Co., 995 S.W.2d 41, 45 (Mo. Ct. App. 1999) (citing Mears v. Columbia Mut. Ins. Co., 855 S.W.2d 389, 395 (Mo. Ct. App. 1993)). "However, when a misrepresentation is of such a nature that all minds would agree that it is or is not material, the question is appropriately considered to be a question of law for the court." Mears, 855 S.W.2d at 395 (citing Continental Gas Co. v. Maxwell, 799 S.W. 2d 882, 889 (Mo. Ct. App. 1990)).

Based on the record before it, the Court finds that the question whether SSDD made material misrepresentations in the Policy application cannot be resolved as a matter of law and is for the trier of fact in this case. As a result, SSDD's motion for summary judgment on plaintiffs' claims against it, and plaintiffs' motion for summary judgment on their claims (1) for rescission of the Policy based on omissions and misrepresentations in the insurance application; (2) that the Policy is void and

unenforceable pursuant to Condition A of the Policy based on omissions and misrepresentations concerning the covered property and the claims submitted, should be denied.

The Court also finds that factual issues exist which preclude summary judgment on plaintiffs' motion for summary judgment based on Exclusion 2(m), as plaintiffs have not established as a matter of law that SSDD failed to use all reasonable means to save and preserve the property from further damage. The Court further finds that because of these disputed factual issues, plaintiffs have not established that they are entitled to judgment as a matter of law on SSDD's statutory vexatious refusal counterclaims.

Because the summary judgment motions will be denied, plaintiffs' motion to strike SSDD's additional statement of material facts (Doc. 112) should be denied as moot. The Court will also deny as moot SSDD's motions to strike the declaration of Kerri Senger (Doc. 104), and Andrew R. Fowles and Laura Stevens (Doc. 114).

**IV. Plaintiffs' Motion to Strike SSDD's Request for Jury Trial**

On January 20, 2014, SSDD filed a request for jury trial in this matter. Plaintiffs move to strike the request for jury trial as untimely under Rule 38(b)(1), Fed. R. Civ. P., arguing that SSDD waived the right to jury trial pursuant to Rule 38(d). Plaintiffs assert that waiver occurred because SSDD did not file a jury demand within fourteen days after the filing of its Answer and Counterclaim on June 21, 2013 as required by Rule 38(b)(1), and also note that the parties' Joint Proposed Scheduling Plan specifically discussed a bench trial. Plaintiffs state that SSDD requested a jury only after being ordered by the Court to amend its Answer and Counterclaim, some seven months after SSDD's original answer was filed. Plaintiffs' motion to strike does not allege that they are prejudiced by SSDD's late jury demand.

7

SSDD responds that its jury demand is timely because it was filed within fourteen days of filing its amended Answer and Counterclaim. SSDD asserts in the alternative that if its jury demand is untimely, the Court in the exercise of its discretion may order a jury trial on motion pursuant to Rule 39(b), Fed. R. Civ. P. SSDD states that the Eighth Circuit Court of Appeals has held district courts "ought to approach each application under Rule 39(b) with an open mind" and that "jury trials ought to be liberally granted when no prejudice results," quoting <u>Littlefield v. Fort Dodge Messenger</u>, 614 F.2d 581, 585 (8th Cir. 1980) (citation omitted). SSDD asserts that plaintiffs cannot be prejudiced if the case is tried to a jury, because the Court on its own motion set the case for trial before an advisory jury pursuant to Rule 39(c).

Plaintiffs reply that SSDD's jury demand is untimely because if the original pleadings in an action effectively waive trial by jury, that right cannot be revived by amending the original pleadings, citing <u>Williams v. Farmers & Merchants Insurance Co.</u>, 457 F.2d 37, 38 (8th Cir. 1972). Plaintiffs state that SSDD's Amended Answer and Counterclaim did not present any new issues triable by right to a jury, so it cannot serve to revive the right to jury trial. Plaintiffs reiterate that the parties stipulated the case would be tried to the Court, and therefore argue that SSDD's waiver of the right to jury trial is clear.

With respect to SSDD's alternative argument under Rule 39(b), plaintiffs argue that although the Court has broad discretion to grant a Rule 39(b) motion, the factors relevant to the exercise of that discretion counsel against granting SSDD's motion, as follows: (1) This case involves questions of law seeking equitable relief and is therefore best tried to the Court; (2) while a jury trial would most likely not disrupt either the Court's or the parties' schedules, cases tried to a jury invariably take longer; (3) plaintiffs would be prejudiced by a jury trial because they relied on the fact that the case "would not be tried to the jury in making certain decisions about the depositions

8

they wanted and the evidence they would need to present the case to the Court. Had they known a jury would be the trier of fact, they would have prepared some things differently"; and (4) SSDD waited almost a year before demanding a jury and offers no reason for its failure to make a timely demand at the outset of the case.

The Court finds that SSDD waived its right to a jury trial because it did not file a jury demand within fourteen days after the filing of its original Answer and Counterclaim. SSDD's Amended Answer and Counterclaim did not revive its right to jury trial because that pleading did not contain any new issues. See In re Yukon Energy Corp., 138 F.3d 1254, 1260 (8th Cir. 1998) (citing Williams, 457 F.2d at 38).

Courts are authorized to exercise their discretion, however, to grant a motion for jury trial even in the absence of a timely demand. Spear v. Dayton's, 771 F.2d 1140, 1144 (8th Cir. 1985); Rule 39(b), Fed. R. Civ. P. As SSDD asserts, the Eighth Circuit has commented that Rule 39(b) applications should be approached with an "open mind," and "jury trials ought to be liberally granted when no prejudice results[.]" Littlefield, 614 F.2d at 585.

As a threshold matter, the Court construes SSDD's untimely request for jury trial (Doc. 68) as a motion pursuant to Rule 39(b). See 8 James Wm. Moore, et al., Moore's Federal Practice § 39.31[2] (3d ed. 2013) ("The untimely filing of a jury demand has been construed as a motion for relief from jury waiver and for a jury trial in a number of different cases."). The Eighth Circuit does not appear to have established a particular standard to be applied to Rule 39(b) motions, but courts generally consider the factors identified by the plaintiffs. See 8 Moore's Federal Practice § 39.31[5][a]. No single factor is controlling. Id. Having considered these factors, the Court concludes in the exercise of its discretion that SSDD's Rule 39(b) motion should be granted.

The first factor is whether the case involves issues which are best tried to a jury or to the Court. Although there are legal and equitable issues in this case, those issues are underpinned by the genuine issues of disputed material fact discussed above, including but not limited to whether SSDD's alleged misrepresentations or omissions on its policy application were material, whether SSDD failed to use all reasonable means to save and preserve the property from further damage, and whether plaintiffs vexatiously refused to pay SSDD's claims under the Policy. The Court notes that juries often hear and determine insurance breach of contract and vexatious refusal cases in state and federal courts in Missouri. Indeed, the Court on its own motion set this matter for trial before an advisory jury pursuant to Rule 39(c), because it believed that an advisory jury's input on the issues presented by the pleadings would be of assistance to the Court. This factor weighs in favor of granting SSDD's motion for jury trial.

Plaintiffs concede that granting the motion would not disrupt the Court's or their schedule in the case, so the second factor weighs in favor of granting the motion. The third factor is prejudice to the non-moving party. "A party objecting to a motion for jury trial on grounds of prejudice should show specific instances of the ways in which granting a jury trial will be prejudicial. This showing will usually take the form of an affidavit." 8 Moore's Federal Practice § 39.31[5][e][ii]. Here, plaintiffs make only conclusory assertions of prejudice, as quoted above. "A mere generic claim of prejudice, unsupported by any specific, factual evidence, is usually insufficient to persuade the court that granting a jury trial will be prejudicial." Id. The Court notes that plaintiffs' motion to strike did not contain any reference to prejudice, and rested solely on the basis of untimeliness under Rule 38. There is no allegation that the trial would be delayed, and the Court finds there can be no undue surprise to plaintiffs, because the case has been set for trial before an advisory jury

since the Case Management Order was issued on June 27, 2013. The third factor therefore weighs in favor of granting the motion.

The fourth and fifth factors are how long the moving party delayed in requesting a jury trial and why it failed to file a timely jury demand. Here, SSDD delayed seven months in requesting a jury trial. This delay is significant but is largely mitigated where the case was always set for trial before an advisory jury and no prejudice exists. As a result, this factor is neutral. SSDD offers no reason for its delay in asserting a jury demand. While this failure certainly weighs against SSDD's motion, the Court after examining the balance of all the relevant factors concludes in the exercise of its discretion that the motion should be granted.

## V. Conclusion

For the foregoing reasons, the Court concludes that the parties' summary judgment motions should be denied because genuine issues of disputed material fact remain. Because summary judgment is denied, plaintiffs' motion to strike SSDD's statement of additional uncontroverted facts and SSDD's motions to strike the declarations of Kerri Senger, Andrew R. Fowles and Laura Stevens should be denied as moot. Plaintiffs' motion to strike SSDD's request for jury trial should be denied, and SSDD's request for jury trial, construed as a motion under Rule 39(b), should be granted.

This case is set on the Court's three-week docket that begins July 7, 2014. The parties are advised that the case will be tried before a jury on the third week of the docket, beginning Monday, July 21, 2014 at 9:00 a.m. Pretrial compliance materials are due by July 1, 2014. The final pretrial conference will be held on Thursday, July 17, 2014, at 2:00 p.m.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment on rescission, Condition A and Exclusion 2(m) is **DENIED**. [Doc. 94]

**IT IS FURTHER ORDERED** that defendant SSDD, LLC's motion for summary judgment is **DENIED**. [Doc. 91]

**IT IS FURTHER ORDERED** that plaintiffs' motion for summary judgment on SSDD's claims under §§ 375.296 and 375.420, Mo. Rev. Stat., is **DENIED**. [Doc. 96]

**IT IS FURTHER ORDERED** that plaintiffs' motion to strike certain portions of SSDD's "Statement of Additional Facts" is **DENIED as moot**. [Doc. 112]

**IT IS FURTHER ORDERED** that defendant SSDD, LLC's motions to strike the declarations of Kerri Senger, Andrew R. Fowles and Laura Stevens are **DENIED as moot**. [Docs. 104, 114]

**IT IS FURTHER ORDERED** that SSDD's motion for jury trial is **GRANTED** pursuant to Rule 39(b), Fed. R. Civ. P., and plaintiffs' motion to strike SSDD, LLC's request for jury trial is **DENIED**. [Doc. 72]

**IT IS FURTHER ORDERED** that the Case Management Order (Doc. 28) is **modified** to the extent that the case is set for **jury** trial on Monday, **July 21, 2014**, at 9:00 a.m., pretrial compliance materials are due **July 1, 2014**, and the final pretrial conference is set for Thursday, **July 17, 2014**, at 2:00 p.m.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of May, 2014.