UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. IPSI 12559, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:13-CV-193 CAS |
| SSDD, LLC, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This is a declaratory judgment matter that arises out of a commercial property insurance policy issued by plaintiffs Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 (collectively, "Underwriters") to defendant SSDD, LLC ("SSDD"), for a building located in St. Louis, Missouri. The matter is before the Court on SSDD's Motion for Sanctions and/or Motion in Limine Pursuant to Rule 37 to Exclude the Testimony of Mr. Andrew Fowles and Mr. Anthony Milo at Trial. Underwriters oppose the motion and it is fully briefed. For the following reasons, SSDD's motion will be granted and Mr. Fowles and Mr. Milo will not be permitted to testify at trial.

**Legal Standard**

Rule 26(a)(1)(A) requires a party to provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

A party who has disclosed information under Rule 26(a) or responded to an interrogatory, request for production or request for admission "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "One of the purposes of discovery is to eliminate unfair surprise. Rule 37's enforcement mechanism helps accomplish this purpose." Doe v. Young, 664 F.3d 727, 734 (8th Cir. 2011) (internal citation omitted).

The Eighth Circuit has provided this guidance to district courts in determining an issue of a failure to disclose or supplement:

> When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. Fed. R. Civ. P. 37(c)(1); Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998) ("failure to disclose in a timely manner is equivalent to failure to disclose"). The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. Sellers v. Mineta, 350 F.3d 706, 711-12 (8th Cir. 2003); see also Marti v. City of Maplewood, 57 F.3d 680, 683 (8th Cir. 1995) (setting forth a variety of possibly relevant factors).

Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). A district court's ruling under Rule 26(e) is reviewed for "gross abuse of discretion," and is reversed only if "fundamental unfairness" results. Kahle v. Leonard, 563 F.3d 736, 740 (8th Cir. 2009).

2

**The Parties' Arguments**

The discovery deadline in this case was January 21, 2014. See Case Management Order at 2 (Doc. 28). Trial is scheduled to begin on July 21, 2014. SSDD's motion states that on June 3, 2014, Underwriters served Supplemental Responses to SSDD's First Set of Interrogatories, identifying for the first time Mr. Fowles and Mr. Milo as witnesses that will testify on Underwriters' behalf at trial. SSDD argues that Underwriters have no justification for their failure to disclose the identity of these witnesses, of whom they have been aware for months or years. SSDD asserts that the untimely disclosures prejudice it because it has had no opportunity to depose either witness, to subpoena documents from them, to use their testimony in dispositive motions, or to question other witnesses about them. SSDD asserts that Underwriters' actions result in unfair surprise because unlike SSDD, Underwriters know what the witnesses will say at trial.

SSDD states that while Underwriters never disclosed Mr. Fowles in its Rule 26(a)(1) disclosures to identify him as someone with knowledge of the facts in this case, Underwriters obtained Mr. Fowles' Declaration on January 29, 2014 and used the Declaration to oppose SSDD's motion for summary judgment on March 28, 2014. Underwriters' Supplemental Responses state that Mr. Fowles "is the person responsible for preparing the binding authority entered into between International Placement Services, Inc. and Canopius Syndicate 4444." SSDD argues the fact that Underwriters obtained Mr. Fowles' Declaration in January 2014 clearly indicates he had discoverable information and should have been disclosed in the Rule 26(a)(1) disclosures, and also that Underwriters intended as of January 2014 to use his testimony. SSDD contends that Underwriters' belated disclosure of Mr. Fowles months later and close to trial indicates they concealed their intention of calling him as a witness to prevent it from conducting discovery into his knowledge of the facts of the case.

SSDD asserts that Underwriters never previously identified Mr. Milo, an employee of Madsen, Kneppers & Associates, Inc. ("MKA"), in any prior discovery responses, including their Rule 26(a)(1) disclosures and initial responses to SSDD's interrogatories, but state in their Supplemental Responses that Mr. Milo inspected the building's roof in the fall of 2012 and prepared the report for SSDD's hail claim on the building. SSDD argues that Underwriters therefore knew of Mr. Milo's identity at least since 2012 but did not disclose him or timely supplement the disclosures to identify him even though they knew he had discoverable information.

Underwriters respond that they had no duty to supplement regarding either witness, and that even if they did have such a duty, the failure to substitute was substantially justified and harmless. Underwriters assert they had no duty to supplement regarding Mr. Fowles because SSDD learned of him more than four months ago when Underwriters submitted Mr. Fowles' Declaration to rebut SSDD's "imputation of knowledge" defense. Underwriters contend they never intended to have Mr. Fowles be a witness until he became necessary as a result of SSDD's defense, which was first raised by SSDD during Mr. Gerald Rogers' deposition on January 21, 2014, the day before discovery closed. Underwriters state that SSDD never expressed any interest in taking Mr. Fowles' deposition and in fact moved to strike his Declaration.[1] Underwriters assert SSDD is not prejudiced because "it is the party that induced the involvement of Mr. Fowles by an eleventh hour defense and it elected to defer depositions of any of Underwriters' witnesses involved in the details of the claims." Pls.' Mem. Opp. at 2.

Underwriters assert they had no duty to supplement regarding Mr. Milo because he is simply a "replacement witness" for Mr. Frederick Gunvaldsen of MKA, as the person with knowledge

---

[1]SSDD moved to strike Mr. Fowles' Declaration on the basis that he had not been previously disclosed. The Court denied the motion to strike as moot after it determined that the parties' summary judgment motions should be denied.

regarding SSDD's hail claim.  Underwriters state they disclosed Mr. Gunvaldsen almost a year ago in their Rule 26(a)(1) initial disclosures, and only identified Mr. Milo because they recently learned Mr. Gunvaldsen is no longer employed by MKA.  Underwriters assert that because Mr. Milo merely replaces Mr. Gunvaldsen, SSDD suffers no prejudice and its objection is "form over substance."  Underwriters state that SSDD did not express any interest in taking the depositions of any of their witnesses who had knowledge about the three insurance claims SSDD submitted.

Underwriters argue that even if they had a duty to supplement, their failure to do so was justified and harmless.  Underwriters assert that Mr. Fowles' testimony should not be stricken because "he is important to any consideration of SSDD's 'imputation defense,' and justice requires consideration of all of the evidence or none of it."  Pls.' Mem. Opp. at 5.  Underwriters state they did not contemplate obtaining any evidence from Mr. Fowles until after the Rogers and Senger depositions were completed on January 21 and 22, 2014, and did not conclude his evidence was necessary until SSDD asserted the "imputation defense" in its summary judgment motion.  Underwriters contend they could not have made a more timely supplemental disclosure of Mr. Fowles.  Finally, Underwriters assert that SSDD will not be prejudiced if Mr. Fowles is allowed to testify because "SSDD is responsible for bringing Mr. Fowles into the dispute."  Id.

With respect to Mr. Milo, Underwriters state he should not be stricken because he is simply being substituted for Mr. Gunvaldsen, a disclosed witness who is no longer employed at MKA, and that SSDD never requested Mr. Gunvaldsen's deposition or otherwise sought discovery concerning his knowledge about the hail claim.  Underwriters therefore assert SSDD is not prejudiced by the substitution.

**Discussion**

"The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to the judge's control over the case." Sellers v. Mineta, 350 F.3d 706, 711 (8th Cir. 2003) (internal quotation marks and quoted case omitted). Federal Rules 26(a) and 37(c) "permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). Delays in disclosure are not "substantially justified" when they reasonably could have been avoided. See, e.g., Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759-60 (8th Cir. 2006) (identification of witness after deadline has passed is not allowed when the party had "ample opportunity to develop" the issue and when the party "should have sought [to supplement]" pursuant to Fed. R. Civ. P. 26(e)); cf. Davis v. U.S. Bancorp, 383 F.3d 761, 765 (8th Cir. 2004) (delay was substantially justified where the party adding a witness was unaware of the witness until immediately prior to trial). The Eighth Circuit has identified as "harmful" those failures to disclose that unduly prejudice the opposing party. See, e.g., Trost, 162 F.3d at 1008-09 (opposing party would be harmed by the delayed production of information because it had little time to prepare a rebuttal for trial).

In this case, it is undisputed that Mr. Fowles and Mr. Milo were not identified as Underwriters' witnesses until June 3, 2014, four and a half months after the close of discovery and approximately seven weeks prior to trial. The Court will consider the witnesses separately to determine whether Underwriters' failure to disclose each witness was (1) substantially justified, or (2) harmless.

1. Mr. Fowles

As an initial matter, the Court rejects Underwriters' assertion that they were not required to disclose Mr. Fowles because he was "otherwise made known" to SSDD. See Rule 26(e)(1)(A). It is undisputed that Underwriters were aware of Mr. Fowles by late January 2014 and could have disclosed him as a witness at that time.[2] Under Eighth Circuit precedent, Underwriters' submission of Mr. Fowles' Declaration in opposition to SSDD's summary judgment motion and the mention of his name by another witness during her deposition do not relieve Underwriters of the responsibility the Rules impose on them to formally disclose their witnesses and specify the subjects of the discoverable information held by those witnesses.

In Troknya v. Cleveland Chiropractic Clinic, 280 F.3d 1200 (8th Cir. 2002), the defendant identified witnesses on the trial list who had not been included in its disclosures and supplements provided under Rule 26. The defendant argued it was not required to formally disclose the witnesses "because they were known to plaintiffs either through plaintiffs' own discovery disclosures and responses or through [defendant's] discovery responses." Id. at 1205. The district court granted the plaintiffs' motion in limine seeking the exclusion of all witnesses who appeared on the defendant's trial exhibit list but had not been included in defendant's Rule 26 disclosures and supplements, and the Eighth Circuit Court of Appeals affirmed, stating:

> [W]e hold that the district court reasonably could have concluded that [defendant's] use of the undisclosed witnesses and exhibits would have unfairly prejudiced plaintiffs at trial, even if the witnesses and exhibits had been identified or referenced

---

[2]Underwriters implicitly admit they knew as of late January 2014 that Mr. Fowles possessed discoverable information they might use to support their claims or defenses: "Mr. Fowles was never intended to be a witness in this case, but *his involvement became necessary* on literally the last day of discovery as a result of the new defense of 'imputation of knowledge' SSDD raised during Mr. Gerald Rogers' deposition taken on January 21, 2014." Pls.' Mem. Opp. at 2 (emphasis added). As previously stated, Mr. Fowles' Declaration was dated January 29, 2014.

somewhere in the course of discovery. We therefore hold that the district court did not abuse its discretion in excluding the evidence in question in an effort to avoid an unfair surprise and to achieve substantial justice in the present case.

Troknya, 280 F.3d at 1205. Thus, neither Underwriters' filing of Mr. Fowles' Declaration in opposition to SSDD's motion for summary judgment, nor the mention of his name by another deponent, excuses them from disclosing Mr. Fowles as a witness pursuant to Rule 26(e).

The next inquiry is whether Underwriters' failure to disclose Mr. Fowles was substantially justified. Underwriters knew on January 29, 2014 that Mr. Fowles had discoverable information they might use to support their claims or defenses. See Rule 26(a)(1)(A)(i). As a result, Underwriters' obligation to supplement their Rule 26(a)(1) disclosures and identify Mr. Fowles under Rule 26(e) arose on that date at the latest. Nonetheless, Underwriters failed to disclose Mr. Fowles for sixty days after that, and then filed his Declaration which SSDD had no opportunity to rebut on summary judgment. SSDD promptly moved to strike Mr. Fowles' Declaration on the basis that he had not been disclosed under Rule 26(a). Although the Court ultimately denied the motion to strike as moot after determining that factual issues precluded summary judgment, the motion to strike should have prompted Underwriters to supplement their disclosures. Based on these facts, Underwriters reasonably could have avoided the late disclosure of Mr. Fowles, so his untimely disclosure is not substantially justified.

Next, the Court must determine whether Underwriters' failure to timely disclose Mr. Fowles is harmless. See Wegener, 527 F.3d at 692 (listing relevant factors). Underwriters make the conclusory assertion that Mr. Fowles' testimony should not be stricken because "he is important to any consideration of SSDD's 'imputation defense,' and justice requires consideration of all of the evidence or none of it." Pls.' Mem. Opp. at 5. Underwriters do not articulate how Mr. Fowles' testimony is important to the issue of imputation, and their argument is not self proving.

8

Underwriters also do not explain what evidence they refer to when mentioning "all of the evidence or none of it." Significantly, Underwriters offer no reason for their failure to supplement regarding Mr. Fowles, apart from their meritless assertion that supplementation was not required.

If Underwriters had disclosed Mr. Fowles in late January 2014, or at any time prior to the time SSDD filed its summary judgment motion, SSDD could have moved for an extension of the discovery deadline to take his deposition. Because Mr. Fowles was not disclosed until June 3, 2014, the short period of time between Underwriters' belated disclosure and the trial date is unduly prejudicial to SSDD, because there is insufficient time for it to prepare to refute the evidence at trial. Further, it would be disruptive to the Court's trial schedule and the parties' schedules if a continuance were granted to permit SSDD to take Mr. Fowles' deposition, as this is the only case set on the Court's July 21, 2014 trial docket, and the parties previously advised that there are out-of-town witnesses scheduled to testify at trial, including six of SSDD's witnesses and at least one of Underwriters' witnesses, in addition to Underwriters' out-of-town lead counsel. Having considered these factors, the Court concludes that Underwriters' failure to disclose Mr. Fowles is not harmless.

SSDD's motion to exclude Mr. Fowles' testimony should therefore be granted.

2. Mr. Milo

Underwriters assert they had no duty to disclose Mr. Milo because he is merely a "replacement witness" for Mr. Gunvaldsen of MKA as the person with knowledge regarding SSDD's hail claim. Underwriters state they disclosed Mr. Gunvaldsen almost a year ago in their Rule 26(a)(1) initial disclosures, and they identified Mr. Milo only because they recently learned Mr. Gunvaldsen is no longer employed by MKA. Underwriters argue SSDD cannot be prejudiced by the substitution because it did not take Mr. Gunvaldsen's deposition and assert that "[i]n effect, Mr. Milo *is* Mr. Gunvaldsen." Pls.' Mem. Opp. at 7.

Because Underwriters' Supplemental Responses state that Mr. Milo is the person who actually inspected the building's roof and wrote the report on SSDD's hail claim, the Court concludes Underwriters had a duty to disclose Mr. Milo in their initial Rule 26(a)(1) disclosures as someone with discoverable information who might be used to support Underwriters' claims or defenses. See Rule 26(a)(1)(A)(i). Therefore, Underwriters' disclosure of Mr. Milo in June 2014 cannot be considered substantially justified.

Further, although Underwriters assert they learned of Mr. Gunvaldsen's departure "recently," they do not show that Mr. Milo could not have been disclosed earlier. Mr. Milo's Declaration states that Mr. Gunvaldsen left MKA in late January or early February 2014. Milo Decl., ¶¶ 3-4. Underwriters offer no evidence as to when they learned of Mr. Gunvaldsen's departure. The only evidence before the Court is that Mr. Gunvaldsen left MKA's employment in January-February 2014.

More importantly, Underwriters do not assert that Mr. Gunvaldsen no longer has relevant knowledge of discoverable facts or that he is not available to testify in this case. Rather, they merely assert that Mr. Gunvaldsen is no longer employed at MKA. There is no indication Underwriters cannot subpoena Mr. Gunvaldsen to appear as a witness at trial. Based on the foregoing, the Court concludes that Underwriters' failure to disclose Mr. Milo until June 2014 is not substantially justified.

The Court also concludes that Underwriters' failure to disclose Mr. Milo is not harmless. Underwriters' assertion that Mr. Milo is merely a "replacement witness" for Mr. Gunvaldsen is unpersuasive. Mr. Milo's Declaration states that he and Mr. Gunvaldsen "worked on the preparation of the hail damage report and reviewed other information in the case, including the hail damage estimate prepared by Continental Adjusters, Inc." Milo Decl., ¶ 2. There is nothing in the Milo

Declaration to support Underwriters' argument that the two witnesses are somehow interchangeable. There is nothing in the record to indicate what each man did in connection with the SSDD hail claim. Further, that SSDD did not depose Mr. Gunvaldsen does not conclusively establish it cannot be prejudiced by Underwriters' failure to disclose that a different person, or more than one person, was responsible for preparing the hail report. SSDD has been denied the opportunity to inquire into this aspect of MKA's hail damage report, and cannot do so this close to trial for the same reasons discussed above with respect to Mr. Fowles.

For these reasons, the Court concludes that SSDD's motion to exclude Mr. Milo's testimony should be granted.

**Conclusion**

For the foregoing reasons, the Court concludes that SSDD's motion to exclude the testimony of Underwriters' late-disclosed witnesses Mr. Fowles and Mr. Milo should be granted, based on Underwriters' failure to comply with Rule 26(a) and (e), the Court's conclusions that Underwriters' failure is neither substantially justified nor harmless, and the significant prejudice resulting to SSDD.

Accordingly,

**IT IS HEREBY ORDERED** that SSDD, LLC's Motion for Sanctions and/or Motion in Limine Pursuant to Rule 37 to Exclude the Testimony of Mr. Andrew Fowles and Mr. Tony Milo at Trial is **GRANTED**. [Doc. 132]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of July, 2014.